## Shaffer v. Sargent

*John Kocsis* of *Dowd & Kocsis*, for plaintiff.
*Michael J. DiSisti*, for defendant.

WILLIAMS, *P. J.*, May 1, 1975—The court has before it plaintiff's motion for judgment on the pleadings, following defendant's appeal from an award of arbitrators in favor of plaintiff. The salient facts are admitted by defendant in her answer to plaintiff's complaint. In July of 1973, plaintiff received a check for $6,643.30 from the Social Security Administration as a disability insurance benefit. He endorsed the check and gave it to defendant with instructions to purchase a certain trailer and to deposit the balance to his account in a certain bank in this county. Defendant proceeded to pay $2,865 for the trailer and deposited the sum of $2,452.41 in the bank account, keeping $1,325.89 for herself.

The pleadings make it quite clear that defendant's claim to the sum of money retained by her is made solely on the theory that she was plaintiff's representative in his claim for disability benefits before the Social Security Administration. Defendant's answer recites an alleged oral agreement between plaintiff and defendant for compensation of defendant at the rate of 20 percent of the benefit received by plaintiff. Even if we accept the truth of such an oral agreement, we are bound to recognize the mandates of federal legislation and regulation in the area of Social Security benefits. The Social Security Act of August 14, 1935, 49 Stat. 624, as amended, provides, in pertinent part, as follows:

"Representation of Claimants before Secretary.

"(a)  The Secretary may prescribe rules and regulations governing the recognition of agents or other persons, other than attorneys as hereinafter provided, representing claimants before the Secretary, and may require of such agents or other persons, before being recognized as representatives of claimants that they shall show that they are of good character and in good repute, possessed of the necessary qualifications to enable them to render such claimants valuable service, and otherwise competent to advise and assist such claimants in the presentation of their cases. . . . The Secretary may, by rule and regulation, prescribe the maximum fees which may be charged for services performed in connection with any claim before the Secretary under this subchapter, and any agreement in violation of such rules and regulations shall be void. . . .": 42 U.S.C. §406.

Accordingly, the Secretary of Health, Education and Welfare has promulgated the following regulation:

"§404.975. Fee for services performed for an individual before the Social Security Administration

"(a)  General. A fee for services performed for an individual before the Social Security Administration in any proceeding under titles II or XVIII of the Act [42 U.S.C. §401, et seq. or 1395, et seq.] may be charged and received only as provided in paragraph (b) of this section.

"(b)  Charging and receiving fee. An individual who desires to charge or receive a fee for services rendered for an individual in any proceeding under titles II or XVIII of the Act [42 U.S.C. §401, et seq. or 1395, et seq.] before the Administration (see §404.977a), and who is qualified under §404.972, must file a written petition therefor in accordance

with §404.976(a) . . .". 42 U.S.C. Appendix-Regulations; 20 C.F.R. §404.975.

The above-quoted regulation indicates that in order to be entitled to a fee for her alleged services, defendant must have filed a written petition. It is obvious from the pleadings that she never did so. Nevertheless, defense counsel asserts that the parties are free to make any oral agreements they wish concerning a representative fee. The above-quoted statute, which empowers the secretary to prescribe rules and regulations implementing its provisions, specifically says that any agreement in violation of such rules and regulations shall be void. Even though the language of that particular sentence refers only to maximum fees, we think its proscription must apply of necessity to the rules and regulations establishing procedures for obtaining those fees.

We hold, therefore, that any oral agreement between plaintiff and defendant in this action with respect to fees for representation before the Social Security Administration is null and void. This determination precludes our consideration of the factual issue of whether there was such an agreement. There being no other factual issues in this controversy, we are in a position to award judgment on the pleadings in conformity with Rule 1034, Pa.R.C.P.

## ORDER

And now, May 1, 1975, in accordance with the foregoing opinion, it is ordered, adjudged and decreed that plaintiff's motion for judgment on the pleadings be, and the same hereby is, granted. The prothonotary is directed to enter judgment in favor of plaintiff, Thomas Anthony Shaffer, and against

defendant, Mary Sargent, in the amount of $1,325.89, together with interest at six percent per annum from July 11, 1973.